■ HECTOR RIVERA, Appellant, v VILLAGE OF DOBBS FERRY et al., Respondents. [651 NYS2d 905] —In an action to recover damages, *inter alia*, for malicious prosecution and false arrest, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Scarpino, J.), entered January 12, 1996, which granted the defendants' respective motions for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs.

The plaintiff was arrested for participating in a scheme to extort money from the complainant in exchange for the return of her car, which had been stolen by her boyfriend. Although the plaintiff was initially charged with grand larceny in the fourth degree, the charge was reduced to petit larceny and then dismissed at the request of the prosecutor. The plaintiff maintained that his intent was not to withhold the car but to make sure it was returned to its rightful owner.

The material facts leading up to the plaintiff's arrest are undisputed. Therefore, the existence of probable cause is for the court to decide as a matter of law (*see, Veras v Truth Verification Corp.*, 87 AD2d 381, *affd* 57 NY2d 947).

Contrary to the plaintiff's contentions, the record reflects that there was probable cause for the plaintiff's arrest. As the Supreme Court concluded, "although [the] plaintiff did not overtly demand money, there was probable cause to believe that the plaintiff aided, abetted, and acted in concert with others in a scheme designed to compel [the complainant] to pay money in order to recover her stolen vehicle". The existence of probable cause bars the plaintiff's cause of action to recover damages for malicious prosecution (*see, Burt v Smith*, 181 NY 1). In addition, by establishing that the arrest was based on probable cause, the defendants have successfully proven legal justification as an affirmative defense to the causes of action sounding in false arrest and false imprisonment (*see, Broughton v State of New York*, 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). Accordingly, those causes of action were properly dismissed as well.

The plaintiff's other contentions are either without merit or need not be addressed in light of our determination. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.