■ Ramon Morel et al., Respondents, v Philip A. Crimaldi et al., Defendants, and Government Employees Mutual Insurance Company et al., Appellants. [683 NYS2d 22] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered July 3, 1997, which denied the motion by the insurer defendants (GEICO et al.) for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against those defendants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Defendant GEICO's insured suffered the theft of a black, 1986 Chevrolet station wagon in 1990. GEICO paid the claim and thereby acquired title to the missing vehicle. It next surfaced in 1993, in the possession of a scofflaw who forfeited the vehicle for sheriff's sale. (What the sheriff apparently failed to notice was that the vehicle now bore an altered VIN.) Plaintiff Ramon Morel purchased the vehicle at public auction in 1994, and registered and insured it under the altered VIN indicated in the sheriff's certificate of sale. But he registered it as a *white*, 1985 Chevrolet *sedan*.

Noticing the improper registration, police stopped the vehicle in June 1995 and discovered the altered VIN. Mr. Morel, the

driver, was placed under arrest and charged with unauthorized use of a motor vehicle, criminal possession of stolen property, forgery, and forgery of a VIN. These charges were eventually dropped, but meanwhile, the insurer confirmed to the police that it was the rightful owner of the vehicle, and that the driver arrested was not authorized to operate it. ·

In 1996 plaintiffs commenced the instant action for false arrest and imprisonment, and for malicious prosecution. The GEICO defendants moved to dismiss on the ground that they had acted routinely and truthfully in responding to a police inquiry, confirming that the insurer was the true owner of the vehicle, and that no one else had been authorized to operate it. Indeed, these defendants had no prior knowledge of plaintiffs' possession of the vehicle, and the record reveals that they did not even learn of plaintiffs' role in this case until after Mr. Morel had been arrested.

The GEICO defendants questioned how Mr. Morel had come into possession of this vehicle, but at no point did they make any allegations of unlawful conduct against plaintiffs. Providing truthful information to the police is certainly no ground for damages for false arrest or malicious prosecution (*see, Eisenkraft v Armstrong*, 172 AD2d 484). Furthermore, having observed a registration violation, the police were justified in making the initial arrest, and that constitutes a complete defense to the allegations of false arrest and imprisonment (*Heath v State of New York*, 229 AD2d 912). Once probable cause for arrest is established, plaintiffs are barred from recovery for malicious prosecution (*see, Rivera v Village of Dobbs Ferry*, 234 AD2d 533). Concur—Milonas, J. P., Ellerin, Wallach and Andrias, JJ.