■ Yair Ben-Zaken et al., Appellants, v City of New Rochelle et al., Respondents. [710 NYS2d 106] —In an action, *inter alia,* to recover damages for false imprisonment and abuse of process, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated June 14, 1999, as granted that branch of the motion of the defendants City of New Rochelle and John Finney which was for summary judgment dismissing the cause of action to recover damages for false imprisonment insofar as asserted against them and that branch of the cross motion of the defendants Scarsdale Shopping Center Associates, Leah Fine, and Manuel Fine which was for summary judgment dismissing the cause of action to recover damages for abuse of process insofar as asserted against them, and (2) so much of a judgment of the same court, dated July 27, 1999, as is in favor of the defendants and against them dismissing the causes of action to recover damages for false imprisonment and abuse of process.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiffs were evicted from the restaurant space they leased from the defendant Scarsdale Shopping Center Associates for nonpayment of rent. Upon vacating the premises, they took with them the entire contents of the store, as well as the air conditioning unit, toilets, sinks, lighting fixtures, ceiling tiles, and a marble countertop. The defendant Leah Fine, a partner of the defendant Scarsdale Shopping Center Associates, notified the police. A witness from the adjacent cardstore told the defendant Detective John Finney that the plaintiff

Yair Ben-Zaken told her that he was angry with the Fines and planned to remove everything he could from the store, including the air conditioning unit. She subsequently observed Yair removing the air conditioner and other items from the store with the help of employees and placing them into a rental van. Yair was arrested on a charge of grand larceny in the third degree, arraigned, and released on bail the next day. He admitted taking these items and that he planned to resell some of them, but claimed that he had purchased them from the prior tenant. The charge was subsequently withdrawn by the District Attorney. This action ensued.

The Supreme Court properly dismissed the plaintiffs' cause of action alleging false imprisonment. A cause of action alleging false imprisonment does not lie where, as here, the defendants can establish the existence of probable cause for the plaintiff's arrest (*see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Castelle v Roter,* 272 AD2d 498; *Bennett v New York City Hous. Auth.,* 245 AD2d 254; *Rivera v Village of Dobbs Ferry,* 234 AD2d 533). Nor was there any triable issue as to the cause of action alleging abuse of process since the undisputed facts failed to show that the defendants Scarsdale Shopping Center Associates, Leah Fine, and Manuel Fine commenced the criminal proceeding with "an intent to do harm without excuse or justification", an essential element of such a cause of action (*Curiano v Suozzi,* 63 NY2d 113, 116; *see also, 71 Pierrepont Assocs. v 71 Pierrepont Corp.,* 243 AD2d 625). S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.