■ HAROLD CHETRICK et al., Appellants, v MEL COHEN et al., Defendants, and SUFFOLK COUNTY DISTRICT ATTORNEY et al., Respondents. [759 NYS2d 166] —In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered April 11, 2002, which, upon an order of the same court dated Janu-

ary 31, 2002, granting the motion of the defendants Suffolk County District Attorney, former District Attorney James M. Catterson, Jr., and Assistant District Attorneys Frank Morro, Jr., Glenn Murphy, and Richard T. Dunne, for summary judgment dismissing the complaint insofar as asserted against them, inter alia, denied that branch of their cross motion which was to strike the answer of those defendants, and dismissed the complaint insofar as asserted against them.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendants Suffolk County District Attorney, former District Attorney James M. Catterson, Jr., and Assistant District Attorneys Frank Morro, Jr., Glenn Murphy, and Richard T. Dunne, and substituting therefor a provision reinstating the complaint insofar as asserted against them; as so modified, the order and judgment is affirmed, with costs to the plaintiffs, and the order dated January 31, 2002, is modified accordingly.

The plaintiffs are attorneys. They were the subjects of a joint insurance fraud investigation by the defendants Suffolk County District Attorney, former District Attorney James M. Catterson, Jr., Assistant District Attorneys Frank Morro, Jr., Glenn Murphy, and Richard T. Dunne (hereinafter collectively the DA defendants), Mel Cohen, also known as Melvyn Cobin, and the Suffolk County Police Department. The two indictments of the plaintiffs in connection with this investigation were subsequently dismissed by successive orders. Thereafter, the plaintiffs commenced this action asserting 39 causes of action to recover damages for numerous torts related to the actions of the district attorney defendants in directing the investigation and arrest of the plaintiffs.

After a preliminary conference at which discovery was directed, but before the discovery was provided, the district attorney defendants moved for summary judgment dismissing the complaint insofar as asserted against them, alleging that as quasi-judicial officers they had absolute immunity from all the causes of action asserted in this civil suit. In support of their motion, they submitted only copies of the amended complaint and their answer thereto. The Supreme Court granted their motion and, inter alia, denied that branch of the plaintiffs' cross motion which was to strike the answer of the district attorney defendants. We modify.

On a motion for summary judgment, the movant has the burden of tendering sufficient evidence to make out its prima facie case. The failure to make such a showing requires the

denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Hosp.,* 64 NY2d 851 [1985]; *Berkey v Emma,* 291 AD2d 517 [2002]). The district attorney defendants are not entitled to absolute immunity for official actions taken by them under any and all circumstances, and at all times (*see Rodrigues v City of New York,* 193 AD2d 79 [1993]; *Rosen & Bardunias v County of Westchester,* 158 AD2d 679 [1990], *lv denied* 76 NY2d 703 [1990], *cert denied* 498 US 1086 [1991]; *Cunningham v State of New York,* 71 AD2d 181 [1979]). Accordingly, as the proponents of the motion for summary judgment dismissing the complaint on that basis, they had the burden of showing that such immunity was warranted here.

The district attorney defendants failed to do so. Their moving papers were supported only by an attorney's affirmation and copies of the amended complaint and their answer. This was insufficient to show that, as a matter of law, they were entitled to absolute immunity in this instance. Accordingly, the Supreme Court should not have granted their motion. Furthermore, contrary to the district attorney defendants' contentions, the allegations in the complaint were not merely conclusory and devoid of sufficient facts (*cf. Lakeville Pace Mech. v Elmar Realty Corp.,* 276 AD2d 673 [2000]; *Elsky v KM Ins. Brokers,* 139 AD2d 691 [1988]).

The parties' remaining contentions are without merit. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.