■ KEVIN REDMOND, Appellant, v CITY OF WHITE PLAINS et al., Respondents, et al., Defendants. [909 NYS2d 648]—

In an action, inter alia, to recover damages for false arrest, false imprisonment, and malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated October 22, 2009, as granted those branches of the motion of the defendants City of White Plains, Harry D. Pino, and Steven D. Demchuck which were for summary judgment dismissing his causes of action to recover for false arrest, false imprisonment, and malicious prosecution insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contentions, the respondents demonstrated their prima facie entitlement to judgment as a matter of law dismissing his claims alleging false arrest, false imprisonment, and malicious prosecution by submitting documentary evidence and deposition testimony which established that there was probable cause, under all of the attendant circumstances (*see People v Bigelow*, 66 NY2d 417, 423 [1985]), to arrest him and charge him with felony drug possession (*see e.g. Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *People v Carter*, 60 AD3d 1103, 1104-1105 [2009]; *People v Dais*, 222 AD2d 1045 [1995]). In opposition to the motion, the appellant failed to raise a triable issue of fact. The few, minor discrepancies in the parties' accounts of the events which he cites were insufficient for this purpose. The appellant's remaining contentions are without merit, inasmuch as the existence of probable cause constitutes a complete defense to the claims at issue on this appeal (*see Martinez v City of Schenectady*, 97 NY2d at 85; *Marrero v City of New York*, 33 AD3d 556, 557 [2006]; *Jenkins v City of New York*, 2 AD3d 291, 292 [2003]). Therefore, the Supreme Court properly granted those branches of the respondents' motion which were for summary judgment. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.