■ MICHAEL SPINNER, Respondent-Appellant, v COUNTY OF NASSAU et al., Respondent, and METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT et al., Appellants-Respondents. [962 NYS2d 222]—

In an action, inter alia, to recover damages for malicious prosecution, the defendants Metropolitan Transit Authority Police Department and Richard R. Lagnese, Jr., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered February 24, 2012, as denied those branches of their motion which were for summary judgment dismissing the third and fourth causes of action insofar as asserted against them, and the plaintiff cross-appeals from so much of the same order as granted the separate motion of the defendants County of Nassau, Steven Schwartz, and Susan Luttinger for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants Metropolitan Transit Authority Police Department and Richard R. Lagnese, Jr., which were for summary judgment dismissing the third and fourth causes of action insofar as asserted against them are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Metropolitan Transit Authority Police Department and Richard R. Lagnese, Jr., and the defendants County of Nassau, Steven Schwartz, and Susan Luttinger, appearing separately and filing separate briefs, payable by the plaintiff.

In July 2007, a fight took place at a Long Island Rail Road station between two groups of young people, including the plaintiff and Jason Peyer on one side, and Christopher Todd on the other. During the fight, Todd was hit in the head and rendered unconscious. In the investigation that followed, Detective Richard R. Lagnese, Jr., of the Metropolitan Transportation Authority (hereinafter MTA) Police Department concluded that both the plaintiff and Peyer were suspects in the assault on Todd. According to the plaintiff, even though Lagnese's investigation pointed to Peyer as the primary suspect, Lagnese arrested and charged the plaintiff, rather than Peyer, with assault in the third degree because Peyer was related to police officers and was a West Point cadet. Assistant District Attorneys Steven Schwartz and Susan Luttinger of the Nassau County District Attorney's Office prosecuted the ensuing criminal action, and, according to the plaintiff, failed to interview other witnesses to the incident who would have stated that Peyer was the person who hit Todd. After a nonjury trial in the criminal action, the plaintiff was acquitted.

Thereafter, the plaintiff commenced this action alleging, inter alia, malicious prosecution and abuse of process. The defendants MTA, incorrectly sued herein as Metropolitan Transit Authority Police Department, and Lagnese (hereinafter together the MTA defendants) moved, among other things, for summary judgment dismissing those causes of action insofar as asserted against them. The defendants County of Nassau, Schwartz, and Luttinger (hereinafter collectively the County defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied those branches of the motion of the MTA defendants, and granted the separate motion of the County defendants.

The MTA defendants established their prima facie entitlement to judgment as a matter of law in connection with the malicious prosecution cause of action. In order to prevail on such a cause of action, a plaintiff must establish that (1) a criminal proceeding was commenced; (2) the criminal proceeding was terminated in favor of the accused; (3) *the criminal proceeding lacked probable cause*; and (4) the criminal proceeding was com-

menced out of actual malice (*see Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]). Here, the MTA defendants demonstrated, prima facie, that probable cause existed to commence and maintain a criminal proceeding against the plaintiff for assaulting Todd, based upon Todd's identification of the plaintiff as the perpetrator from a photo array, the plaintiff's admission to hitting someone in the face during the fight, and the fact that the plaintiff fit Todd's description of the perpetrator, given before the photo array (*see Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]; *Redmond v City of White Plains*, 77 AD3d 902 [2010]; *Baker v City of New York*, 44 AD3d 977, 979-980 [2007]; *People v Warren*, 12 AD3d 708, 708-709 [2004]; *People v Walton*, 309 AD2d 956 [2003]; *People v Archibald*, 192 AD2d 537, 538 [1993]; *People v Corso*, 135 AD2d 551, 554 [1987]). The MTA defendants similarly demonstrated their prima facie entitlement to judgment as a matter of law in connection with the abuse of process cause of action by showing the absence of " 'an intent to do harm without excuse or justification' " (*Ben-Zaken v City of New Rochelle*, 273 AD2d 426, 427 [2000], quoting *Curiano v Suozzi*, 63 NY2d 113, 116 [1984]; *see Rosen v Hanrahan*, 2 AD3d 352, 353 [2003]; *Berman v Silver, Forrester & Schisano*, 156 AD2d 624, 625 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, those branches of the MTA defendants' motion which were for summary judgment dismissing the malicious prosecution and abuse of process causes of action insofar as asserted against them should have been granted.

With respect to the plaintiff's cross appeal, a prosecutor is entitled to absolute immunity for actions taken within the scope of his or her official duties in initiating and pursuing a criminal prosecution and in presenting the People's case (*see Imbler v Pachtman*, 424 US 409 [1976]; *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 719 [2003]). The acts of Schwartz and Luttinger about which the plaintiff complains concerned investigation in the course of pretrial preparation and, thus, "were intimately associated with the judicial phase of the criminal process, and were performed by [those defendants] in a quasi-judicial capacity" (*Brenner v County of Rockland*, 67 AD2d 901, 901 [1979]; *see Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 285 [2003]; *Sher v Pellicano*, 203 AD2d 273, 273-274 [1994]; *Minicozzi v City of Glen Cove*, 97 AD2d 815 [1983]; *see generally Buckley v Fitzsimmons*, 509 US 259, 272-274 [1993]). Accordingly, the Supreme Court properly granted the County defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, since those defendants were entitled to absolute immunity. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.