Crooks v City of New York (2020 NY Slip Op 07161)





Crooks v City of New York


2020 NY Slip Op 07161


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-03476
 (Index No. 11655/13)

[*1]Damien Crooks, appellant,
v
City of New York, et al., respondents.


Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Georgia M. Pestana, Claude S. Platton, and Anna B. Wolonciej of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, malicious prosecution and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated October 31, 2018. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for false arrest and malicious prosecution, and so much of the cause of action to recover damages for civil rights violations pursuant to 42 USC § 1983 as related to claims pursuant to Monell v New York City Dept. of Social Servs. (436 US 658).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for malicious prosecution, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, along with others, was accused by grand jury indictment of having committed sex trafficking, rape in the first degree, and other crimes. Thereafter, the plaintiff was arrested. He was unable to post bail, and remained in custody for approximately 10 months before he was released. Ultimately, the charges against him were dismissed.
The plaintiff commenced this action, inter alia, to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983. The defendants moved, among other things, for summary judgment dismissing the causes of action to recover damages for false arrest and malicious prosecution, and so much of the cause of action to recover damages for civil rights violations pursuant to 42 USC § 1983 as related to claims pursuant to Monell v New York City Dept. of Social Servs. (436 US 658). In an order dated October 31, 2018, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiff appeals.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover [*2]damages for false arrest. To prevail on a cause of action to recover damages for false arrest and false imprisonment, the plaintiff must demonstrate that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement, and that the confinement was not privileged (see De Lourdes Torres v Jones, 26 NY3d 742, 759). For purposes of the privilege element of a false arrest and false imprisonment claim, an act of confinement is privileged if it stems from a lawful arrest supported by probable cause (see De Lourdes Torres v Jones, 26 NY3d at 759). Once a suspect has been indicted, the grand jury action creates a presumption of probable cause (see Colon v City of New York, 60 NY2d 78, 82). Here, where the defendant's arrest followed a grand jury indictment pertaining to certain incidents, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for false arrest. The plaintiff failed to raise a triable issue of fact in opposition.
Further, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action to recover damages for civil rights violations pursuant to 42 USC § 1983 as related to claims pursuant to Monell v New York City Dept. of Social Servs. Pursuant to 42 USC § 1983, a plaintiff may maintain an action against governmental actors for, inter alia, false arrest and malicious prosecution in violation of the law and Constitution of the United States (see De Lourdes Torres v Jones, 26 NY3d at 762). The elements of false arrest and malicious prosecution under the federal statute are substantially the same as the elements of the comparable state common-law claims (see id.). However, "the government itself cannot be liable for false arrest or malicious prosecution under 42 USC § 1983 unless an official government policy, custom or widespread practice caused the violation of the plaintiff's constitutional rights" (id.; see Monell v New York City Dept. of Social Servs., 436 US 658). Here, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the alleged unconstitutional actions resulted from an official policy, regulation, or custom (see Combs v City of New York, 130 AD3d 862, 865).
We disagree, however, with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for malicious prosecution. "The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (De Lourdes Torres v Jones, 26 NY3d at 760 [internal quotation marks omitted]). Although a grand jury indictment raises a presumption of probable cause, this presumption may be rebutted (id. at 761-763). "[E]ven if the jury at a trial could, or likely would, decline to draw inferences favorable to the plaintiff on issues of probable cause and malice, the court on a summary judgment motion must indulge all available inferences of the absence of probable cause and the existence of malice" (id. at 763). Here, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether the defendants improperly continued the prosecution against him and participated in the prosecution out of malice (id.; see also Kinge v State of New York, 79 AD3d 1473, 1479).
We reject the defendants' contention that they are entitled to summary judgment dismissing the cause of action to recover damages for malicious prosecution based on absolute prosecutorial immunity. "[A] prosecutor is entitled to absolute immunity for actions taken within the scope of his or her official duties in initiating and pursuing a criminal prosecution and in presenting the People's case, but a prosecutor is entitled only to qualified immunity when acting in an investigatory capacity" (Blake v City of New York, 148 AD3d 1101, 1104 [internal quotation marks omitted]). In this case, the defendants, as the proponents of this summary judgment motion, have not demonstrated their entitlement to judgment as a matter of law based on absolute immunity (see Chetrick v Cohen, 305 AD2d 359, 361).
The parties' remaining contentions are not properly before this Court or are without merit.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court