Sperling v Amoachi (2021 NY Slip Op 01080)





Sperling v Amoachi


2021 NY Slip Op 01080


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-07994
 (Index No. 7400/14)

[*1]David M. Sperling, appellant,
v
Ala Amoachi, et al., respondents.


Rosemarie A. Barnett, Freeport, NY (Tiffany Moseley of counsel), for appellant.
Certilman Balin Adler & Hyman LLP, Hauppauge, NY (Glenn B. Gruder of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for malicious prosecution, abuse of process, and tortious interference with business relations, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated April 11, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, David M. Sperling, is the sole principal of the law firm of David M. Sperling & Associates (hereinafter DMSA). In late 2010, the plaintiff hired the defendant Ala Amoachi as an associate. In October 2011, Amoachi resigned from DMSA and formed the defendant law firm, Amoachi & Johnson, attorneys at law, P.L.L.C. (hereinafter A & J), with another former associate of DMSA.
In May 2012, Amoachi filed criminal charges against the plaintiff in both Nassau County and Suffolk County alleging that, following her resignation, the plaintiff began stalking her. In April 2013, the Nassau County criminal proceeding was dismissed for facial insufficiency. In September 2014, the Suffolk County criminal proceeding was dismissed on speedy trial grounds.
Subsequently, the plaintiff commenced this action, alleging two causes of action to recover damages for malicious prosecution based on the criminal proceedings initiated against him in Nassau County and Suffolk County, respectively, a cause of action to recover damages for abuse of process, and a cause of action to recover damages for tortious interference with business relations based on the defendants' alleged solicitation of DMSA's clients. The defendants moved for summary judgment dismissing the complaint. In an order dated April 11, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging malicious prosecution. "The elements essential to the maintenance of a cause of action alleging malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to the plaintiff, (3) a lack of probable cause, and (4) malice" (Perini v Leo, 147 AD3d 877, 879). As to the first cause of action, the defendants established that the Nassau [*2]County criminal proceeding was dismissed, without prejudice, as a result of the facial insufficiency of the criminal information and thus, was not a final termination of the action (see Smith-Hunter v Harvey, 95 NY2d 191, 197; Semmig v Charlack, 143 AD3d 802, 804). As to the second cause of action, the defendants made a prima facie showing of probable cause for the commencement of the Suffolk County criminal proceeding (see Hornstein v Wolf, 67 NY2d 721, 723; Landsman v Moss, 133 AD2d 359, 360). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging malicious prosecution.
Further, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging abuse of process. The undisputed evidence in the record establishes that no triable issues of fact exist regarding whether the criminal proceedings at issue were commenced "without excuse or justification" and whether process was used to "obtain [any] collateral objective" (Goldman v Citicore I, LLC, 149 AD3d 1042, 1044 [internal quotation marks omitted]; see Cozzani v County of Suffolk, 84 AD3d 1147, 1147; Ben-Zaken v City of New Rochelle, 273 AD2d 426, 427).
Finally, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging tortious interference with business relations. There is no evidence in the record to support a finding that the defendants' alleged interference was accomplished by wrongful means or that the defendants acted for the sole purpose of harming the plaintiff (see Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585-586).
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court