Moran v Town of Oyster Bay (2021 NY Slip Op 03171)





Moran v Town of Oyster Bay


2021 NY Slip Op 03171


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-06051
 (Index No. 2932/17)

[*1]James Moran, respondent, 
v
Town of Oyster Bay, et al., defendants, Leonard Genova, et al., appellants.


Devitt Spellman Barrett, LLP, Smithtown, NY (Felicia Gross of counsel), for appellants.
James Moran, Bethpage, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the defendants Leonard Genova, Donna B. Swanson, and Louis B. Imbroto appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered May 16, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action to recover damages for malicious prosecution insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The Town of Oyster Bay initiated criminal proceedings against the plaintiff in August 2013 and January 2015, respectively, accusing him of violating various provisions of the Code of the Town of Oyster Bay. The cases were eventually joined for trial in June 2016, and in August 2016, the trial court found the plaintiff guilty of three of the counts charged, while finding him not guilty of one count. The court dismissed several other counts upon a determination, in effect, that the People had failed to present legally sufficient evidence of the violations charged. In June 2017, the plaintiff commenced this action against, among others, Town of Oyster Bay attorneys Leonard Genova, Donna B. Swanson, and Louis B. Imbroto (hereinafter collectively the attorney defendants), inter alia, to recover damages for malicious prosecution. The attorney defendants moved, among other things, for summary judgment dismissing the cause of action to recover damages for malicious prosecution insofar as asserted against them. In an order entered May 16, 2019, the Supreme Court denied that branch of the motion, without prejudice to renew at the conclusion of discovery. The attorney defendants appeal.
"'The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice'" (Crooks v City of New York, 189 AD3D 769, 771, quoting De Lourdes Torres v Jones, 26 NY3d 742, 760). "'[A] prosecutor is entitled to absolute immunity for actions taken within the scope of his or her official duties in initiating and pursuing a criminal prosecution and in presenting the People's case'" (Blake v City of New York, 148 AD3d 1101, 1104, quoting Spinner v County of Nassau, 103 AD3d 875, 877). The entitlement of a prosecutor to absolute immunity from a claim for damages against him or her in his or her individual capacity on account of his or [*2]her official actions "'depends principally on the nature of the function performed, not on the office itself'" (Rodrigues v City of New York, 193 AD2d 79, 85, quoting Ying Jing Gan v City of New York, 996 F2d 522, 530 [2d Cir]). "[A] prosecutor is entitled only to qualified immunity when acting in an investigatory capacity" (Blake v City of New York, 148 AD3d at1104; see Rodrigues v City of New York, 193 AD2d at 85).
Here, the Supreme Court properly denied that branch of the attorney defendants' motion which was for summary judgment dismissing the cause of action to recover damages for malicious prosecution insofar as asserted against them. Viewing the facts in the light most favorable to the plaintiff (see De Lourdes Torres v Jones, 26 NY3d at 763), the attorney defendants, as the proponents of this summary judgment motion, did not demonstrate their prima facie entitlement to judgment as a matter of law based on absolute immunity (see Crooks v City of New York, 189 AD3d at 772; Chetrick v Cohen, 305 AD2d 359, 361; Moore v Trippe, 743 F Supp 201, 209 [SD NY]).
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court