Vasquez v Kennedy (2023 NY Slip Op 06074)

Vasquez v Kennedy

2023 NY Slip Op 06074

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-07317
 (Index No. 150857/20)

[*1]Salvatore Vasquez, plaintiff, 
v
James Kennedy, defendant third-party plaintiff-appellant, Rugby United New York, LLC, defendant third-party defendant-respondent; Bolton Equities Limited, third-party defendant-respondent.

Fox Rothschild LLP, New York, NY (Christopher M. Tumulty of counsel), for defendant third-party plaintiff-appellant.
Moses & Singer LLP, New York, NY (John V. Baranello of counsel), for defendant third-party defendant-respondent and third-party defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated September 21, 2021. The order granted the motion of the defendant third-party defendant and the third-party defendant pursuant to CPLR 3211(a) to dismiss the third-party complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff is the owner of certain real property located in Staten Island (hereinafter the subject premises). On November 15, 2019, the plaintiff, as landlord, and the defendant James Kennedy, as tenant, entered into a year-to-year residential lease agreement with respect to the subject premises, commencing on December 15, 2019.
The plaintiff subsequently commenced this action against Kennedy and the defendant Rugby United New York, LLC (hereinafter RUNY), to recover damages for breach of contract and anticipatory breach of contract. The amended complaint alleged that the lease agreement was executed by Kennedy individually, "but was on behalf of [RUNY]," and that the subject premises were used by both Kennedy and RUNY. The amended complaint further alleged that Kennedy and RUNY vacated the subject premises in April 2020 without providing the plaintiff with the requisite written notice, and without paying rent for April 2020 and the remaining months on the lease term and water bills as required by the lease agreement. Kennedy interposed an answer to the amended complaint, and RUNY moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it on the ground that it was not a party to the lease agreement. In an order dated May 20, 2021, the Supreme Court granted RUNY's motion.
Thereafter, Kennedy commenced a third-party action against Bolton Equities Limited (hereinafter Bolton) and RUNY (hereinafter together the third-party defendants), inter alia, for contractual and common-law indemnification and to recover damages for breach of contract. The [*2]third-party complaint alleged that, pursuant to a "Membership Interests Purchase Agreement" dated January 1, 2021 (hereinafter the purchase agreement), Kennedy and another entity, as owners of RUNY, sold RUNY to Bolton. Additionally, the third-party complaint alleged that, pursuant to the purchase agreement, the third-party defendants were required to defend and indemnify Kennedy for any personal obligations he incurred in connection with RUNY, but failed to do so. The third-party defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the third-party complaint. In an order dated September 21, 2021, the Supreme Court granted the motion. Kennedy appeals.
A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law (see Gruber v Donaldsons, Inc., 201 AD3d 887, 888; Leader v Steinway, Inc., 180 AD3d 886, 887). "Documents that qualify as documentary evidence include judicial records, mortgages, deeds, and contracts" (Porat v Rybina, 177 AD3d 632, 633).
When deciding a motion to dismiss a complaint for failure to state a cause of action under CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Cali v Maio, 189 AD3d 1337, 1338). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, contrary to Kennedy's contention, the Supreme Court properly granted those branches of the third-party defendants' motion which were to dismiss so much of the first third-party cause of action as sought contractual indemnification and the third third-party cause of action, alleging breach of contract, insofar as asserted against RUNY. In support of their motion, the third-party defendants submitted a copy of the purchase agreement, which conclusively established that RUNY was not a party to that agreement and, therefore, was not bound by its terms (see Pacific Carlton Dev. Corp. v 752 Pac., LLC, 62 AD3d 677, 678; Black Car & Livery Ins., Inc. v H & W Brokerage, Inc., 28 AD3d 595, 595-596).
The Supreme Court also properly granted those branches of the third-party defendants' motion which were to dismiss so much of the first third-party cause of action as sought contractual indemnification and the third third-party cause of action insofar as asserted against Bolton. The express language of the purchase agreement conclusively established that Bolton was only required to defend and indemnify Kennedy from any claim or loss arising from any personal obligation "in connection with any indebtedness or obligation of RUNY." The lease agreement upon which the plaintiff sued Kennedy in the main action was not a personal obligation that Kennedy incurred in connection with an indebtedness or obligation of RUNY, but rather, was a personal obligation of Kennedy (see generally Sawicki v GameStop Corp., 106 AD3d 979, 981).
Further, the Supreme Court properly granted that branch of the third-party defendants' motion which was to dismiss so much of the first third-party cause of action as sought common-law indemnification. The amended complaint alleged, inter alia, that Kennedy breached his contractual obligation to pay rent and other expenses under the lease agreement, and thus, any recovery against him would be based on his own failure to uphold those responsibilities. "This is not a case where a defendant's liability sounded in tort, and the tortious conduct may have been solely the result of a third-party defendant's negligence" (Board of Mgrs. of Olive Park Condominium v Maspeth Props., LLC, 170 AD3d 645, 647).
CPLR 3211(d) provides that where it appears "that facts essential to justify opposition [to a motion pursuant to CPLR 3211] may exist but cannot then be stated, the court may deny the motion . . . or may order a continuance to permit . . . disclosure to be had and may make such other [*3]order as may be just." However, "the mere hope that discovery may reveal facts essential to justify opposition 'does not warrant denial of the motion'" (Karpovich v City of New York, 162 AD3d 996, 998, quoting Cracolici v Shah, 127 AD3d 413, 413). Here, Kennedy did not make a sufficient showing that facts essential to justify opposition to the third-party defendants' motion could be yielded during discovery (see Karpovich v City of New York, 162 AD3d at 998).
The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
BARROS, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court