Morrison v New York Archdiocese (2024 NY Slip Op 02315)

Morrison v New York Archdiocese

2024 NY Slip Op 02315

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-00754
 (Index No. 151917/19)

[*1]Bruce H. Morrison, Sr., appellant,
v
New York Archdiocese, et al., defendants, American Legion, respondent.

Nagel Rice, LLP, New York, NY (Bradley L. Rice of counsel), for appellant.
Kiernan Trebach LLP, New York, NY (Alexander H. Gillespie and John A. Kiernan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Richmond County (Alexander M. Tisch, J.), dated November 2, 2022. The order, insofar as appealed from, granted the motion of the defendant American Legion pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action under the Child Victims Act (see CPLR 214-g) against the defendant American Legion (hereinafter the defendant), among others, alleging that the defendant was liable under different theories of negligence for sexual abuse perpetrated by the coach of the plaintiff's youth baseball team in a league associated with the defendant. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the second amended complaint insofar as asserted against it on the ground that it did not owe a duty to the plaintiff, as it did not have sufficient control over the league or team. In an order dated November 2, 2022, the Supreme Court, inter alia, granted the motion. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a), the complaint is afforded a liberal construction and the plaintiff is given the benefit of every possible favorable inference (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 105; Leon v Martinez, 84 NY2d 83, 88). Under CPLR 3211(a)(1), a dismissal is warranted only if "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d at 88). Thus, the defendant bears the burden of demonstrating that the proffered documentary evidence conclusively refutes the plaintiff's factual allegations (see Kolchins v Evolution Mkts., Inc., 31 NY3d at 106).
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138; see Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 157; Darby v Compagnie Natl. Air France, 96 NY2d 343, 347). As a general matter, "such a duty may arise only 'where there is a relationship either between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or [*2]between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others'" (Matter of New York City Asbestos Litig., 5 NY3d 486, 493-494, quoting Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 233).
Here, the Supreme Court properly determined that the defendant's submissions in support of its motion conclusively established that it owed no duty to the plaintiff, as it had no control over the coaching, supervision, or organization of the team or league (see Fazzinga v Westchester Track Club, 48 AD3d 410, 411; Mercer v City of New York, 255 AD2d 368, 369; Megna v Newsday, Inc., 245 AD2d 494; see also Forbes v Aaron, 81 AD3d 876).
CPLR 3211(d) provides that, where it appears "that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion . . . or may order a continuance to permit . . . disclosure to be had and may make such other order as may be just." "[T]he mere hope that discovery may reveal facts essential to justify opposition does not warrant denial of the motion" (Karpovich v City of New York, 162 AD3d 996, 998 [internal quotation marks omitted]; see Vasquez v Kennedy, 221 AD3d 936, 939). Here, the plaintiff did not make a sufficient showing that facts essential to justify opposition to the defendant's motion could be yielded during discovery (see Vasquez v Kennedy, 221 AD3d at 939; Karpovich v City of New York, 162 AD3d at 998).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it.
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court