Ballinger v City of Mount Vernon (2024 NY Slip Op 06179)

Ballinger v City of Mount Vernon

2024 NY Slip Op 06179

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2023-05636
 (Index No. 58519/19)

[*1]Phillip Ballinger, respondent, 
v
City of Mount Vernon, et al., appellants, et al., defendants.

The Quinn Law Firm, PLLC, White Plains, NY (Andrew C. Quinn, Lalit K. Loomba, Steven J. Bushnell, and Marykate Acquisto of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Kurt Doiron of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, false imprisonment, malicious prosecution, and abuse of process, the defendants City of Mount Vernon and City of Mount Vernon Police Department Detective Gamble appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated April 13, 2023. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, malicious prosecution, and abuse of process insofar as asserted against the defendants City of Mount Vernon and City of Mount Vernon Police Department Detective Gamble.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging abuse of process insofar as asserted against the defendants City of Mount Vernon and City of Mount Vernon Police Department Detective Gamble, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
In August 2018, members of the Mount Vernon Police Department, including the defendant City of Mount Vernon Police Department Detective Gamble, investigated a nonfatal shooting of an individual. In connection with this investigation, the plaintiff was arrested, charged with assault in the first degree, and remanded to the Westchester County Jail. According to the defendants, a confidential informant in custody for an unrelated offense informed the police that the plaintiff was the shooter, and the victim allegedly identified the plaintiff in a photo array as the shooter. However, the officer who interviewed the confidential informant testified at his deposition that he had never previously worked with this confidential informant and that he generally found the information provided by confidential informants in custody not to be reliable. Moreover, the officer who administered the photo array identification procedure only testified at his deposition that he asked the victim whether he recognized anyone in the photo array, and the photo array form did not indicate from where the victim recognized the plaintiff, otherwise indicate that the victim identified the plaintiff as the shooter, or contain the victim's signature or initials.
In a later interview with Gamble, the victim reported that a different individual was [*2]the shooter, but the plaintiff was present during the shooting. Accordingly, a superseding felony complaint was issued charging the plaintiff with assault in the first degree under a theory of "aiding abetting and acting in concert with another unapprehended individual." Subsequently, on October 24, 2018, the victim told Gamble that the plaintiff was not the shooter and was not present during the shooting. Although the charge against the plaintiff was dismissed the following day, the plaintiff was not released from jail until approximately four weeks later, as a parole hold from his arrest remained pending a parole hearing.
The plaintiff then commenced this action, inter alia, to recover damages for false arrest, false imprisonment, malicious prosecution, and abuse of process. The defendants moved, among other things, for summary judgment dismissing the complaint. In an order dated April 13, 2023, the Supreme Court, inter alia, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, malicious prosecution, and abuse of process insofar as asserted against the defendant City of Mount Vernon and Gamble. The City and Gamble appeal.
The Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and malicious prosecution insofar as asserted against the City and Gamble. False arrest and false imprisonment are two different names for the same common-law tort (see Metwally v City of New York, 215 AD3d 820, 822; Wieder v Home Depot U.S.A., Inc., 208 AD3d 535, 537). To prevail on a cause of action to recover damages for false arrest or false imprisonment, the plaintiff must demonstrate that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement, and that the confinement was not privileged (see Crooks v City of New York, 189 AD3d 769, 771; Shaw v City of New York, 139 AD3d 698, 698). "The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (De Lourdes Torres v Jones, 26 NY3d 742, 760 [internal quotation marks omitted]; see Cantalino v Danner, 96 NY2d 391, 394).
The existence of probable cause serves as a legal justification for an arrest and an affirmative defense to a cause of action alleging false imprisonment or false arrest (see Shioya v Hanah Country Inn Mgt. Corp., 207 AD3d 916, 920; Williams v City of New York, 114 AD3d 852, 853). "The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn surrounding the arrest" (Luers v City of New York, 205 AD3d 898, 899 [internal quotation marks omitted]). Additionally, in considering a cause of action alleging malicious prosecution, "a jury may, but is not required to, infer the existence of actual malice from the fact that there was no probable cause to initiate the proceeding" (Martin v City of Albany, 42 NY2d 13, 17; see Fortunato v City of New York, 63 AD3d 880, 881).
Here, the defendants failed to establish, prima facie, that there was probable cause to arrest the plaintiff. There are triable issues of fact, among other things, as to the reliability of the information obtained from the confidential informant and whether the victim, in identifying the plaintiff in the photo array, actually indicated to the police that the plaintiff was the shooter (see Delgado v City of New York, 86 AD3d 502, 508). Since the defendants failed to establish, prima facie, that there was probable cause to arrest the plaintiff, there is also a triable issue of fact as to whether the defendants acted with actual malice (see Martin v City of Albany, 42 NY2d at 17; Fortunato v City of New York, 63 AD3d at 881). Similarly, as there is a triable issue of fact as to whether there was probable cause to arrest the plaintiff, the City and Gamble were not entitled to summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and malicious prosecution insofar as asserted against them on the ground of qualified immunity (see MacDonald v Town of Greenburgh, 112 AD3d 586, 587; Diederich v Nyack Hosp., 49 AD3d 491, 493).
However, the Supreme Court should have granted that branch of the defendants' [*3]motion which was for summary judgment dismissing the cause of action alleging abuse of process insofar as asserted against the City and Gamble. The defendants established, prima facie, that the City and Gamble did not use process in a perverted manner to obtain a collateral objective (see Sperling v Amoachi, 191 AD3d 913, 915; Lynn v McCormick, 153 AD3d 688, 688-689). In opposition, the plaintiff, who did not oppose this branch of the defendants' motion, failed to raise a triable issue of fact (see Sperling v Amoachi, 191 AD3d at 915).
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court