Cardona v County of Orange (2026 NY Slip Op 00234)

Cardona v County of Orange

2026 NY Slip Op 00234

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-06940
 (Index No. 5466/23)

[*1]Gregory Cardona, appellant, 
vCounty of Orange, et al., respondents.

Steven B. Kaufman, P.C., Bronx, NY (Linda P. O'Gorman and James L. Forde of counsel), for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Stephanie T. Midler of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, unlawful imprisonment, and malicious prosecution pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Orange County (David S. Zuckerman, J.), dated June 5, 2024. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In June 2018, the plaintiff was convicted of criminally negligent homicide and reckless driving arising from a single-car collision that occurred on August 30, 2016. In a decision and order dated July 27, 2022, this Court, among other things, reversed the judgment of conviction on the ground that the evidence was legally insufficient to support the convictions (see People v Cardona, 207 AD3d 737). The plaintiff was released from custody on August 15, 2022.
In August 2023, the plaintiff commenced this action against the defendants, County of Orange and Orange County District Attorney (hereinafter the OCDA), inter alia, to recover damages for false arrest, unlawful imprisonment, malicious prosecution, and harassment and intimidation pursuant to 42 USC § 1983. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated June 5, 2024, the Supreme Court granted the motion. The plaintiff appeals.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Hughes v Vento, 226 AD3d 753, 754). Contrary to the plaintiff's contention, the Supreme Court properly granted dismissal of the causes of action alleging a violation of 42 USC § 1983 predicated upon false arrest, unlawful imprisonment, and malicious prosecution pursuant to CPLR 3211(a)(7). Even accepting the facts alleged in the complaint as true, the OCDA was entitled to absolute immunity with respect to its conduct as alleged in those causes of action. "[A] prosecutor is entitled to absolute immunity for actions taken within the scope of his or her official duties in initiating and pursuing a criminal [*2]prosecution and in presenting the People's case" (Spinner v County of Nassau, 103 AD3d 875, 877; see Blake v City of New York, 148 AD3d 1101, 1104). "'[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [his or her] role as an advocate for the State, are entitled to the protections of absolute immunity'" (Sculti v Finley, 167 AD3d 796, 797, quoting Buckley v Fitzsimmons, 509 US 259, 273). "However, prosecutors enjoy only qualified immunity when acting in an investigative capacity" (id.; see Blake v City of New York, 148 AD3d at 1104). Here, the OCDA's alleged actions were undertaken in preparing for the initiation of judicial proceedings and occurred in the course of its role as an advocate for the State (see Blake v City of New York, 148 AD3d at 1104; Spinner v County of Nassau, 103 AD3d at 877).
Further, "[t]o hold a municipality liable under section 1983 for the conduct of employees below the policymaking level, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy" (Vargas v City of New York, 105 AD3d 834, 837; see Monell v New York City Dept. of Social Servs., 436 US 658, 694). Here, "[a]lthough the complaint alleged as a legal conclusion that the defendants engaged in conduct pursuant to a policy or custom which deprived the plaintiff of certain constitutional rights, it was wholly unsupported by any allegations of fact identifying the nature of that conduct or the policy or custom which the conduct purportedly advanced" (Cozzani v County of Suffolk, 84 AD3d 1147, 1147; see Brown v City of New York, 192 AD3d 963, 965-966). Thus, the complaint failed to state viable causes of action sounding in false arrest, unlawful imprisonment, and malicious prosecution pursuant to 42 USC § 1983 against the County (see De Lourdes Torres v Jones, 26 NY3d 742, 762).
The Supreme Court also properly granted dismissal of the cause of action alleging a violation of 42 USC § 1983 predicated upon harassment and intimidation pursuant to CPLR 3211(a)(5). "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (RTT Holdings, LLC v Nacht, 206 AD3d 834, 835; see U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791). "If such prima facie showing is made, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (RTT Holdings, LLC v Nacht, 206 AD3d at 835; see Klein v Deutsch, 193 AD3d 707, 709).
The statute of limitations for a cause of action pursuant to 42 USC § 1983 is three years (see 423 S. Salina St., Inc. v City of Syracuse, 68 NY2d 474, 486; Williams v City of New York, 153 AD3d 1301, 1305). "[T]he cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of his or her action" (Williams v City of New York, 153 AD3d at 1306 [internal quotation marks omitted]; see Rimany v Town of Dover, 72 AD3d 918, 921).
Here, the defendants met their prima facie burden by demonstrating that the plaintiff knew or had reason to know of the injuries that formed the basis of the cause of action alleging a violation of 42 USC § 1983 predicated upon harassment and intimidation on or before the conclusion of his criminal trial in June 2018. Since this action was not commenced until August 2023, more than three years later, the defendants established, prima facie, that the time in which to assert that cause of action had expired. In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (see Barry v Cadman Towers, Inc., 136 AD3d 951, 953).
CPLR 3211(d) provides that where it appears "that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion . . . or may order a continuance to permit . . . disclosure to be had and may make such other order as may be just." However, "the mere hope that discovery may reveal facts essential to justify opposition does not warrant denial of the motion" (Vasquez v Kennedy, 221 AD3d 936, 939 [internal quotation marks omitted]). Here, the plaintiff did not make a sufficient showing that facts essential to justify opposition to the defendants' motion could be yielded during discovery (see Morey v Babe Ruth League, Inc., 227 AD3d 694, 696; Vasquez v Kennedy, 221 AD3d at 939).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court