■ ANDRIA ARRINGTON et al., Respondents, v LIZ CLAIBORNE, INC., et al., Appellants. [688 NYS2d 544] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about March 3, 1998, which, *inter alia*, denied defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, unanimously reversed to the extent appealed from, on the law, with costs and disbursements, and defendants' motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiffs held clerical positions in the retail accounting department of defendant Liz Claiborne, Inc. The individual defendants are security personnel with the company. Plaintiffs were terminated on February 6, 1996 on the ground that they had falsified their time sheets. After each plaintiff separately met with the security personnel, each admitted in writing that she had falsified her respective time sheet. Plaintiffs then brought this action for false imprisonment, breach of implied contract for lifetime employment and intentional infliction of emotional distress. Following discovery, defendants moved for summary judgment and the Supreme Court denied that motion.

Initially, the first and second counts of the complaint alleged that plaintiffs were "wrongfully and falsely imprisoned" when they were questioned by the individual security personnel at Liz Claiborne about their submission of fraudulent time sheets. In order to make out such a claim, a plaintiff must show that (1) defendant intended to confine them, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent, and (4) the confinement was not otherwise privileged (*see, Broughton v State of New York*, 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). Here, plaintiffs' own sworn deposition testimony establishes that these claims are without merit. Thus, plaintiffs assert that when they were separately questioned by security about their submission of the fraudulent time sheets, they "believed" that the door to the office was locked and they "felt" that they were not free to leave because they were told if they did not cooperate and sign written agreements, the police would be called. Thus, plaintiffs did not satisfy the first and second elements of the tort of false imprisonment and these claims were deficient as a matter of law (*see, Blumenfeld v Harris*, 3 AD2d 219, *affd* 3 NY2d 905, *cert denied* 356 US 930). Plaintiffs' fears that they would be ar-

rested or fired did not constitute detaining force necessary to establish the tort of false imprisonment (*Malanga v Sears, Roebuck & Co.*, 109 AD2d 1054, 1055, *affd* 65 NY2d 1009).

The IAS Court also should have dismissed plaintiffs' claims of breach of implied lifetime employment contract. Plaintiffs were "at will" employees and such employment may be freely terminated by either party at any time for any reason or even for no reason (*Murphy v American Home Prods. Corp.*, 58 NY2d 293). To eliminate the presumption of employment at will, a plaintiff must show (1) she was induced to leave her prior place of employment with the assurance of statements contained in a policy manual, (2) such assurances were incorporated into the employment application, (3) plaintiff turned down other offers for employment in reliance on assurances contained in the manual, (4) employment was subject to provisions in the manual (*Weiner v McGraw-Hill, Inc.*, 57 NY2d 458). Upon the motion herein, plaintiffs were not able to satisfy any of these elements and therefore were unable to overcome the presumption that their employment was "at will" and therefore terminable by defendant Liz Claiborne at any time.

Finally, plaintiffs' claim for intentional infliction of emotional distress should also have been dismissed. Such an action requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized community" (Restatement [Second] of Torts § 46, comment *d*; *Murphy v American Home Prods. Corp*, *supra*, at 302). The activity alleged by the plaintiffs, i.e., questioning by defendants concerning the falsification of their time sheets, termination of their employment and then the escorting of plaintiffs to their desks to remove their personal items, fails to satisfy the level of conduct necessary to support a claim of intentional infliction of emotional distress. Concur—Nardelli, J. P., Tom, Rubin and Andrias, JJ.