■ LUTHER PETTY, Appellant, v NORTH GENERAL HOSPITAL, Defendant, and BURNS INTERNATIONAL SECURITY SERVICES, Respondent. [767 NYS2d 590]—

Order, Supreme Court, New York County (Barbara Kapnick, J.), entered December 3, 2002, which, insofar as appealed from, granted defendant-respondent security company's motion for partial summary judgment dismissing the first cause of action for false imprisonment, unanimously affirmed, without costs.

Plaintiff, who was among several individuals asked by a security guard to submit to a strip search before receiving treatment at defendant hospital, failed to establish the guard's intention to confine him, an essential element of the tort of false imprisonment (*Broughton v State of New York*, 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). The fact that plaintiff was a vulnerable consumer in need of hospital services may have created a coercive situation in his mind, but he does not allege, nor is there any evidence, that he was prevented from leaving the premises (*see Arrington v Liz*

*Claiborne, Inc.*, 260 AD2d 267 [1999]). Concur—Mazzarelli, J.P., Saxe, Williams, Lerner and Marlow, JJ.