In an action to recover damages for false arrest and imprisonment and malicious prosecution, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered May 12, 2011, as granted that branch of the plaintiff’s motion which was for summary judgment on the issue of liability on the cause of action alleging false arrest and imprisonment and denied that branch of its cross motion which was to dismiss the cause of action alleging false arrest and imprisonment for failure to state a cause of action pursuant to CFLR 3211 (a) (7).
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs motion which was for summary judgment on the issue of liability on the cause of action alleging false arrest and imprisonment, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In support of his motion, inter alia, for summary judgment on the issue of liability on the cause of action alleging false arrest and imprisonment, the plaintiff sought to establish, prima facie, that there was no probable cause for his arrest (cf. Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]). He relied entirely on the decision issued by this Court on his appeal from the judgment of conviction in the underlying criminal proceeding (see People v Davis, 69 AD3d 647 [2010]). Specifically, the plaintiff asserted that this Court had held that his arrest was predicated entirely on illegally seized evidence. The plaintiffs assertion was a misreading of our decision. Although we reversed the plaintiffs judgment of conviction and granted suppression of certain physical evidence found in the plaintiffs knapsack, our holding was not based on a determination that the police lacked probable cause to arrest the plaintiff. Indeed, we did not address, either expressly or impliedly, the legal issue of the basis for the plaintiffs arrest. Consequently, our factual recitation of the events surrounding the search of the plaintiffs knapsack could not properly have been relied on for a determination as to whether the police had probable cause to arrest the plaintiff. Inasmuch as the plaintiff, therefore, failed to establish, *823 prima facie, that the police lacked probable cause to arrest him, he failed to meet his burden of establishing his entitlement to judgment as a matter of law on the issue of liability on that cause of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and that branch of his motion should have been denied without regard to the sufficiency of the defendant’s papers in opposition (see id. at 324).
The Supreme Court properly denied that branch of the defendant’s cross motion which was to dismiss the cause of action alleging false arrest and imprisonment pursuant to CPLR 3211 (a) (7). The defendant’s contentions in support of its cross motion were grounded on the same misreading of our decision in the plaintiffs criminal appeal. Mastro, J.R, Balkin, Sgroi and Cohen, JJ., concur.