*444 Order, Supreme Court, New York County (Frank P. Ñervo, J.), entered November 20, 2014, which, inter alia, denied plaintiff’s motion for partial summary judgment on the issue of liability on his claim alleging false arrest, without prejudice to renewal following discovery, unanimously affirmed, without costs.
Plaintiffs motion, based on his testimony given at a hearing pursuant to General Municipal Law § 50-h, was properly denied because he failed to make a prima facie showing that the defense of probable cause pleaded by defendants in their answer “has no merit” (CPLR 3212 [b]; see Davis v City of New York, 100 AD3d 822 [2d Dept 2012]). Although the fact that the arrest was made without a warrant raises a presumption of a lack of probable cause (see Broughton v State of New York, 37 NY2d 451, 458 [1975], cert denied 423 US 929 [1975]), plaintiff admitted in his testimony that, prior to being stopped and arrested by defendant police officer, he had made an illegal turn, thus presenting a factual issue as to whether the officer had probable cause to believe an offense had been committed (see People v Bigelow, 66 NY2d 417, 423 [1985]). Since “[s]ummary judgment should be denied where there is any doubt, at least any significant doubt, whether there is a material, triable issue of fact” (Phillips v Kantor & Co., 31 NY2d 307, 311 [1972]), the court properly denied plaintiff’s motion, without prejudice to renew following discovery, including depositions of the officers involved in the arrest.
Concur — Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.