Smith v Village of Freeport Police Dept. (2020 NY Slip Op 01521)





Smith v Village of Freeport Police Dept.


2020 NY Slip Op 01521


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-14427
 (Index No. 10825/15)

[*1]Duane Smith, et al., appellants, 
v
Village of Freeport Police Department, et al., respondents.


Wolin & Wolin, Jericho, NY (Jerold Wolin of counsel), for appellants.
Law Offices of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig and Mitchell R. Goldklang of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for false arrest, malicious prosecution, and violation of civil rights, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered October 10, 2018. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, malicious prosecution, and violation of 42 USC § 1983.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2015, the defendant Police Officer K. Hassell, a member of the defendant Village of Freeport Police Department, observed a minivan with Pennsylvania license plates in a parking lot reserved for employees of the Village. He stopped his vehicle behind the minivan and obtained the license and registration documents from the sole occupant of the minivan, the plaintiff Duane Smith. Based upon a computer search of those documents, Hassell learned that Smith had a suspended New York license and that the minivan was not registered. Hassell issued traffic tickets to Smith and impounded the minivan.
Smith, along with the owner of the minivan, the plaintiff Sunset Entertainment Media, Inc., commenced this action against the Village of Freeport Police Department and Hassell, asserting, inter alia, causes of action to recover damages for false arrest, malicious prosecution, and violation of 42 USC § 1983. Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion, and the plaintiffs appeal.
The elements of a cause of action alleging false imprisonment or false arrest are "that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged" (Martinez v City of Schenectady, 97 NY2d 78, 85). Here, the defendants established, prima facie, that the plaintiffs were not "confined" at any point during the encounter described in the complaint (see Santoro v Town of Smithtown, 40 AD3d 736, 737). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging false arrest.
"In order to prevail on a cause of action seeking to recover damages for malicious prosecution, a plaintiff must establish that (1) a criminal proceeding was commenced; (2) it was terminated in favor of the accused; (3) it lacked probable cause; and (4) it was commenced out of actual malice" (Rivera v County of Nassau, 83 AD3d 1032, 1033; see Colon v City of New York, 60 NY2d 78, 82). Probable cause in this context "consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (Colon v City of New York, 60 NY2d at 82; see Hicks v City of Buffalo, 295 AD2d 880, 884). In this case, Hassell performed a computer search using the license and registration provided by Smith, which revealed that Smith had a suspended New York license and that the vehicle was unregistered in Pennsylvania. Accordingly, the defendants established, prima facie, that Hassell had probable cause to impound the vehicle and issue traffic citations for violations of, inter alia, Vehicle and Traffic Law § 511. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging malicious prosecution.
Finally, the plaintiffs' conclusory, vague, and general allegations were insufficient to support claims under 42 USC § 1983 (see Diederich v Nyack Hosp., 49 AD3d 491, 494; Incorporated Vil. of Ocean Beach v Maker Water Taxi, Inc., 201 AD2d 704, 704). In opposition to the defendants' prima facie showing of their entitlement to judgment as a matter of law with respect to this cause of action, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violation of 42 USC § 1983.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court