Macareno v City of New York (2020 NY Slip Op 06111)





Macareno v City of New York


2020 NY Slip Op 06111


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-10694
 (Index No. 10972/15)

[*1]Juan Macareno, appellant,
v
City of New York, et al., respondents.


Sim & DePaola, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Elina Druker of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered July 13, 2018. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, use of excessive force, assault, and battery insofar as asserted against all defendants with the exception of P.O. Michelle Montgomery, and violations of 42 USC § 1983 with respect to the individual defendants with the exception of P.O. Michelle Montgomery.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, use of excessive force, assault, and battery insofar as asserted against all defendants with the exception of P.O. Michelle Montgomery, and violations of 42 USC § 1983 with respect to the individual defendants with the exception of P.O. Michelle Montgomery are denied.
On June 29, 2014, the plaintiff was arrested in Queens County and charged with resisting arrest and disorderly conduct. The criminal action was subsequently dismissed pursuant to CPL 170.55, after which the plaintiff commenced the instant action against, among others, the City of New York and P.O. Jose Rendon, inter alia, to recover damages for false arrest, false imprisonment, excessive use of force, assault, and battery. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. Prior to the determination of the motion, the plaintiff withdrew certain causes of action, including the cause of action alleging that the City violated 42 USC § 1983 and the causes of action against P.O. Michelle Montgomery, who was not present at the scene. The Supreme Court granted the defendants' motion. The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, excessive use of force, assault, and battery insofar as asserted against all the remaining defendants and violations of 42 USC § 1983 with respect to the remaining individual defendants.
In support of their motion for summary judgment, the defendants submitted, inter alia, transcripts of the plaintiff's testimony from a hearing held pursuant to General Municipal Law § 50-h and his deposition testimony, and a transcript of Officer Rendon's deposition testimony. The [*2]plaintiff testified that he was at a beer garden watching a soccer match with his wife and children when other patrons started "causing trouble." Upon leaving the beer garden because of what was transpiring, the plaintiff observed an altercation break out in the street between other patrons of the beer garden and the patrons who had been causing trouble. The plaintiff testified that he pulled his cousin away from the altercation, and told Officer Rendon that a man with long hair was creating the problem. According to the plaintiff, Officer Rendon started cursing and said something to the effect of "shut the f- up or I'll shoot your f-ing mouths off." The plaintiff took out his cell phone and started recording. The plaintiff asked Officer Rendon "whatyousay," and Officer Rendon turned to his partner and said "get him." The plaintiff was placed under arrest, and the officers allegedly slammed him to the ground, causing injuries.
In a conflicting account, Officer Rendon testified that the plaintiff was acting as the ringleader of a group of people, trying to instigate a fight, and was told multiple times to leave and refused, while causing alarm and inconvenience to the public. Officer Rendon therefore arrested the plaintiff. Officer Rendon testified that the plaintiff tensed up and refused to cooperate with the arrest, causing the officer to lose his balance and fall to the ground with the plaintiff.
"The existence of probable cause constitutes a complete defense to a cause of action alleging false arrest" (Semmig v Charlack, 143 AD3d 802, 803). "'Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty'" (id. at 803, quoting Colon v City of New York, 60 NY2d 78, 82). "The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn surrounding the arrest" (MacDonald v Town of Greenburgh, 112 AD3d 586, 586). Here, the defendants' evidentiary submissions failed to eliminate triable issues of fact as to whether Officer Rendon had probable cause to arrest the plaintiff for disorderly conduct, which requires an "intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof" (Penal Law § 240.20; see People v Baker, 20 NY3d 354). The existence of triable issues of fact with respect to whether Officer Rendon's evaluation of probable cause was objectively reasonable, or "whether officers of reasonable competence could disagree on whether the probable cause test was met," precludes an award of summary judgment in favor of Officer Rendon on the ground of qualified immunity (Escalera v Lunn, 361 F3d 737, 746 [2d Cir]; see Williams v City of New York, 153 AD3d 1301, 1304).
"The determination of an excessive force claim requires an analysis of the facts of the particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight" (Vizzari v Hernandez, 1 AD3d 431, 432 [internal quotation marks omitted]). "Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide" (Holland v City of Poughkeepsie, 90 AD3d 841, 844).
In determining that the force used in the instant case was reasonable as a matter of law, the Supreme Court relied primarily on video footage of the plaintiff's arrest, captured on the plaintiff's cell phone, which was submitted by the defendants in support of their motion for summary judgment. We disagree with the court that the video footage in question eliminates triable issues of fact as to whether the force used to effectuate the plaintiff's arrest was reasonable. Notably, the video footage did not capture the physical contact between the plaintiff and the arresting officers over an interval of several seconds, during which time, according to the plaintiff, he was lifted up and slammed to the ground by the officers, sustaining injuries to his forehead and knee. Accordingly, the defendants failed to eliminate triable issues of fact as to whether the force used was objectively reasonable under the circumstances, precluding an award of summary judgment on the state and federal use of excessive force causes of action, and the cause of action alleging violations of 42 USC § 1983 insofar as asserted against the individual defendants (see Holland v City of Poughkeepsie, 90 AD3d at 844; cf. Harris v City of New York, 153 AD3d 1333, 1335-1336). For the same reason, Officer Rendon was not entitled to summary judgment on the issue of qualified immunity (see Williams v City of New York, 129 AD3d 1066, 1067).
"To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (Cotter v Summit Sec. Servs., 14 AD3d 475, 475 [internal quotation marks omitted]). "To recover damages for battery, a plaintiff must prove that there was bodily contact, made with intent, and offensive in nature" (id. at 475). A claim predicated on assault and battery may be based upon contact during an unlawful arrest (see Wyllie v District Attorney of County of Kings, 2 AD3d 714, 718-719). Here, the defendants failed to establish, prima facie, their entitlement to an award of summary judgment dismissing the causes of action alleging assault and battery (see Holland v City of Poughkeepsie, 90 AD3d at 846; cf. Wyllie v District Attorney of County of Kings, 2 AD3d at 719).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, use of excessive force, assault, and battery insofar as asserted against all defendants with the exception of P.O. Michelle Montgomery, and violations of 42 USC § 1983 insofar as asserted against the individual defendants, regardless of the sufficiency of the plaintiff's opposition papers with respect to those causes of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court