Luers v City of New York (2022 NY Slip Op 03236)





Luers v City of New York


2022 NY Slip Op 03236


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-00916
 (Index No. 702331/15)

[*1]Erik Luers, appellant, 
v
City of New York, et al., respondents.


Belovin Franzblau & Associates, PC, White Plains, NY (David A. Karlin of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Jonathan A. Popolow of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, false imprisonment, battery, and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 8, 2020. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and battery, and the cause of action alleging violations of 42 USC § 1983 insofar as asserted against the individual defendants, and denied the plaintiff's cross motion for summary judgment on the issue of liability on those causes of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and battery, and the cause of action alleging violations of 42 USC § 1983 insofar as asserted against the individual defendants, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the City of New York and two individual police officers, inter alia, to recover damages for false arrest, false imprisonment, battery, and civil rights violations pursuant to 42 USC § 1983 following an incident during which the plaintiff fell or was pushed to the ground, was handcuffed and searched, and was detained for approximately 15 to 20 minutes by the officers, who were patrolling the area in response to a surge in thefts from parked vehicles. The defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the issue of liability on the causes of action alleging false arrest, false imprisonment, and battery, and on the cause of action alleging violations of 42 USC § 1983 insofar as asserted against the individual defendants. The Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and battery, and the cause of action alleging violations of 42 USC § 1983 insofar as asserted against the individual defendants, and denied the plaintiff's cross motion, finding that the officers had probable cause to apprehend and detain the plaintiff. The plaintiff appeals.
"The elements of a cause of action alleging false imprisonment or false arrest are 'that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged'" [*2](Smith v Village of Freeport Police Dept., 181 AD3d 625, 626, quoting Martinez v City of Schenectady, 97 NY2d 78, 85). "[A]n act of confinement is privileged if it stems from a lawful arrest supported by probable cause" (De Lourdes Torres v Jones, 26 NY3d 742, 759). Thus, "[t]he existence of probable cause constitutes a complete defense to a cause of action alleging false arrest" (Macareno v City of New York, 187 AD3d 1164, 1166 [internal quotation marks omitted]). "'The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn surrounding the arrest'" (id. at 1166, quoting MacDonald v Town of Greenburgh, 112 AD3d 586, 586-587).
Here, in support of their motion, the defendants submitted, inter alia, the transcripts of the deposition testimony of the two officers, and the plaintiff's testimony at a hearing held pursuant to General Municipal Law § 50-h. The plaintiff's account of the events preceding his detention differed markedly from the accounts of the officers. Affording the plaintiff the benefit of all favorable inferences, a triable issue of fact exists as to whether the officers' conduct was lawful, which precludes an award of summary judgment in favor of the defendants (see De Lourdes Torres v Jones, 26 NY3d at 763; Macareno v City of New York, 187 AD3d at 1165-1166; MacDonald v Town of Greenburgh, 112 AD3d at 586).
Since a battery cause of action may be based on contact during an unlawful arrest, the triable issue of fact as to whether the officers' conduct was lawful also precludes summary judgment on the cause of action alleging battery (see Smolian v Port Auth. of N.Y. & N.J., 128 AD3d 796, 800). For the same reason, the Supreme Court should not have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violations of 42 USC § 1983 insofar as asserted against the individual defendants (see Mendez v City of New York, 137 AD3d 468, 471; Holland v City of Poughkeepsie, 90 AD3d 841, 846).
Finally, the plaintiff's cross motion for summary judgment was properly denied, in light of the triable issues of fact as to the events preceding his detention (see Sinclair v City of New York, 153 AD3d 877, 879; Davis v City of New York, 100 AD3d 822, 823).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court