Metwally v City of New York (2023 NY Slip Op 01991)

Metwally v City of New York

2023 NY Slip Op 01991

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-13074 
2020-02506
 (Index No. 703828/15)

[*1]Osama E. Metwally, appellant,
v
City of New York, et al., respondents. 

Rehan Nazrali, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Benjamin H. Pollak of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered October 17, 2019, and (2) an order of the same court entered January 23, 2020. The order entered October 17, 2019, insofar as appealed from, granted those branches of the defendants' motion pursuant to CPLR 3211(a) which were to dismiss the first cause of action, which alleged false arrest and false imprisonment, in its entirety, and to dismiss the sixth cause of action, which alleged false arrest and malicious prosecution under 42 USC § 1983, insofar as asserted against the individual defendants. The order entered January 23, 2020, insofar as appealed from, denied, as academic, those branches of the plaintiff's motion which were for leave to amend the complaint to assert the first, fourth, fifth, and fourteenth through seventeenth causes of action set forth in a proposed second amended complaint.
ORDERED that the order entered October 17, 2019, is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion pursuant to CPLR 3211(a) which were to dismiss the first cause of action insofar as asserted against the defendant City of New York and the individual defendants, and to dismiss the sixth cause of action insofar as asserted against the individual defendants, and substituting therefor a provision denying those branches of the motion; as so modified, the order entered October 17, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered January 23, 2020, is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for leave to amend the complaint to assert the first, fourth, fifth, and fourteenth through seventeenth causes of action set forth in the proposed second amended complaint are granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for false arrest and malicious prosecution against the City of New York, the New York City Police Department (hereinafter NYPD), and individual police officers. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. By order entered October 17, 2019, the Supreme Court granted the defendants' motion. The plaintiff subsequently moved, inter alia, for leave to amend the complaint to assert the first, fourth, fifth, and fourteenth through seventeenth causes of action set [*2]forth in a proposed second amended complaint. By order entered January 23, 2020, the court denied those branches of the plaintiff's motion as academic in light of the October 17, 2019 order directing dismissal of the complaint. The plaintiff appeals from both orders.
"When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (Neuman v Echevarria, 171 AD3d 767, 768 [internal quotation marks omitted]). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (id. at 768 [internal quotation marks omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (id. [internal quotation marks omitted]). New York's pleading standard is embodied in CPLR 3013, which provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (see Gutierrez v Bactolac Pharm., Inc., 210 AD3d 746, 747).
"False arrest and false imprisonment are two different names for the same common-law tort" (Fischetti v City of New York, 199 AD3d 891, 892, citing Holland v City of Poughkeepsie, 90 AD3d 841, 844-845). "The elements of a cause of action alleging false imprisonment or false arrest are that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged" (Luers v City of New York, 205 AD3d 898, 899 [internal quotation marks omitted]; see De Lourdes Torres v Jones, 26 NY3d 742, 759). "[T]he existence of probable cause constitutes a complete defense to a cause of action alleging false arrest" (Luers v City of New York, 205 AD3d at 899 [internal quotation marks omitted]; see Jones v City of New York, 206 AD3d 635, 638). "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (Jones v City of New York, 206 AD3d at 638 [internal quotation marks omitted]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been committed or is being committed by the suspected individual, and probable cause must be judged under the totality of the circumstances" (id. [alterations and internal quotation marks omitted]).
"The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (De Lourdes Torres v Jones, 26 NY3d at 760 [internal quotation marks omitted]). "The 'actual malice' element of a malicious prosecution action does not require a plaintiff to prove that the defendant was motivated by spite or hatred, although it will of course be satisfied by such proof" (Nardelli v Stamberg, 44 NY2d 500, 502-503). "Rather, it means that the defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served" (id. at 503).
"A person is guilty of patronizing a person for prostitution in the third degree when he or she patronizes a person for prostitution" (Penal Law § 230.04). "A person patronizes a person for prostitution when . . . [h]e or she solicits or requests another person to engage in sexual conduct with him or her in return for a fee" (id. § 230.02[1][c]).
Here, the defendants correctly contend that NYPD was not a proper defendant, as it is not an entity amenable to being sued under the New York City Charter (see New York City Charter § 396; Brown v City of New York, 192 AD3d 963, 965).
However, contrary to the defendants' contentions, the plaintiff's allegations were sufficient to state a cause of action alleging false arrest or false imprisonment against the City and the individual defendants. Accepting the allegations as true, the plaintiff alleged facts demonstrating an intent to confine him, that he was conscious of his confinement, that he did not consent to his confinement, and that there was no probable cause to support his confinement (see Luers v City of New York, 205 AD3d at 899; Neuman v Echevarria, 171 AD3d at 768). As to probable cause, the plaintiff alleged that, while working as a livery cab driver in a car with Taxi and Limousine [*3]Commission license plates, he stopped for one of the defendants, a NYPD detective in plainclothes, after she made a hailing gesture. As alleged, the detective proposed engaging in prostitution and, as soon as the plaintiff realized what she was offering, he drove away. Accepting the allegations as true, a reasonably prudent person would find that the plaintiff stopped for the plainclothes detective in his role as a cab driver, and the plaintiff made no statements and took no actions to solicit or request that she "engage in sexual conduct with him . . . in return for a fee" (Penal Law § 230.02[1][c]; see People v Smith, 44 NY2d 613, 621; Jones v City of New York, 206 AD3d at 638; cf. People v Brown, 24 NY2d 421, 424).
With respect to the sixth cause of action, the plaintiff stated a cause of action alleging false arrest and malicious prosecution under 42 USC § 1983 against the individual defendants. Contrary to the defendants' contention, the plaintiff provided adequate notice that he was asserting this cause of action against the individual defendants as well as the City (see CPLR 3013). Insofar as the plaintiff stated a cause of action alleging false arrest or false imprisonment under state law, he also stated a cause of action alleging false arrest under federal law, as the state and federal law torts have "substantially the same" elements (Crooks v City of New York, 189 AD3d 769, 771, citing De Lourdes Torres v Jones, 26 NY3d at 762). Further, the plaintiff stated a cause of action against the individual defendants alleging malicious prosecution under federal law. The defendants submitted the certificate of disposition from the plaintiff's criminal case in support of their motion, which demonstrated that a criminal action had been commenced against the plaintiff and later terminated in his favor, and, for reasons set forth above, the plaintiff sufficiently alleged that there was no probable cause to support the criminal action. Additionally, the plaintiff sufficiently alleged actual malice (see generally Nardelli v Stamberg, 44 NY2d at 503).
"A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lomeli v Falkirk Mgt. Corp., 179 AD3d 660, 664 [internal quotation marks omitted]). "The party opposing the application has the burden of establishing prejudice, which requires a showing that the party has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (id. at 644 [internal quotation marks omitted]).
Here, since the plaintiff adequately pleaded causes of action sufficient to survive the defendants' motion to dismiss, his motion for leave to amend the complaint should not have been denied as academic (see generally Messina v Morton Vil. Realty, Inc., 202 AD3d 1076, 1078). Because the plaintiff limits his argument on appeal to certain causes of action as set forth in the proposed second amended complaint, we need not remit the matter to the Supreme Court to determine the merits of the motion and instead reach the merits in the interest of judicial economy (see generally Notaro v Performance Team, 161 AD3d 1093, 1095). The plaintiff correctly contends that the court should have granted those branches of his motion which were for leave to amend the complaint to assert the first, fourth, fifth, and fourteenth through seventeenth causes of action set forth in the proposed second amended complaint, wherein the plaintiff relied on the same factual allegations that he raised in his prior pleadings. In those proposed causes of action, none of which were asserted against NYPD, the plaintiff asserted the same causes of action discussed above. For reasons discussed above, these causes of action were not "palpably insufficient [or] patently devoid of merit" (id. at 1095 [internal quotation marks omitted]). Additionally, the defendants failed to make any showing of prejudice (see id.). Accordingly, the court should have granted those branches of the plaintiff's motion which were for leave to amend the complaint to assert the first, fourth, fifth, and fourteenth through seventeenth causes of action set forth in the proposed second amended complaint.
The plaintiff's remaining contention is improperly raised for the first time in his reply brief (see Moso Realty Group, L.P. v Convermat Paper Corp., 165 AD3d 780, 781). The defendants' contention that the appeal from the order entered October 17, 2019, is untimely is without merit, and their contention that the appeal from the order entered January 23, 2020, is untimely does not warrant dismissal of the appeal under the circumstances present here.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court