**ROC Funding Group LLC v C 3 Grading LLC**

2024 NY Slip Op 34325(U)

December 6, 2024

Supreme Court, Kings County

Docket Number: Index No. 512852/2023

Judge: Peter P. Sweeney

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73
-------------------------------------------------------------------X
ROC FUNDING GROUP LLC,

                                      Plaintiff,

-against-

C 3 GRADING LLC, BEVERLY CALLAHAN, AND
ANTHONYICALLAHAN,

                                       Defendant.
-------------------------------------------------------------------X

Index No.: 512852/2023
Motion Date: 11-4-24
Mot. Seq. No.: 1-2

**DECISION/ORDER**

The following papers, which are e-filed with NYCEF as items 10-30, were read on this motion:

In this action for the breach of a contract for the purchase and sale of future receivables, the plaintiff moves for an order pursuant to CPLR § 3212 granting plaintiff summary judgment for the relief demanded in the complaint and for such other and further relief as the Court may deem just and proper (Mot. Seq. #1). The defendants cross-move for an order pursuant to CPLR § 3312 and CPLR § 2215, granting Defendants summary judgment against Plaintiff, denying with prejudice Plaintiff's motion for summary judgment against Defendants, and granting any further relief as this Court may deem just, equitable, and proper (Mot. Seq. #2).

Plaintiff commenced this action claiming that on or about October 15, 2018, Roc Funding Group LLC and the Defendant merchant entered into an agreement (the "Agreement"), whereby Roc Funding Group LLC agreed to buy the defendant-merchant's rights to a specified portion of its' future receivables. In support of its motion for summary judgment, Roc Funding Group LLC submitted an affidavit from its Director of Risk Management stating that Roc Funding Group LLC funded the Agreement having a face value of $486,000. Although he stated that the purchase amount for those receivables was $360,000, he did not state that this was the amount that Roc Funding transferred to the Defendant merchant.

Pursuant to the Agreement, the Defendant merchant agreed to have one bank account approved by Roc Funding Group LLC into which the defendant-merchant was to remit $3,037.50 a day to Roc Funding Group LLC until $486,000 was fully paid to Roc Funding

[* 1]

Group LLC. The plaintiff claims that the defendant merchant paid Roc Funding only $61,225 under the agreement leaving a balance owed in the amount of $424,775. The Director of Risk Management states that on February 5, 2019, February 6, 2019, February 7, 2019 and February 8, 2019, the defendant Merchant stopped payment (Bank Code R08) for the daily ACH payment and consequently breached the Agreement. Plaintiff claims that by defaulting under the agreement, the Defendant merchant incurred a block fee of $5,000. Thus, the plaintiff claims that there remains a balance due and owing to Roc Funding Group LLC in the $429,775, plus additional interest, costs, and disbursements. For purposes of this application, Plaintiff waived attorney's fees.

In opposition to the motion, the defendants maintain that: (1) Plaintiff breached the Agreement; (2) that Defendants made multiple requests for reconciliation which were ignored by Plaintiff; and (3) the relevant agreement is unlawful because it is in fact a usurious loan rather than a true purchase of receivables agreement. With respect to their claim that the plaintiff breached the Agreement, the defendants maintain while the Plaintiff should have advanced the Defendants the sum of $360,000.00 upon execution of the Agreement, defendants received only $71,972.04.

The plaintiff did not provide any details in its moving papers explaining why the lesser amount was paid. Further, the purported business records submitted by the plaintiff shed no light on this issue. In reply, however, the plaintiff claims that it did not pay the full purchase price to the defendant because there was a refinance of receivable balances remaining on "Callahan Grading" of $285,899.96 with Roc Funding Group, which the Court assumes the plaintiff deducted from the purchase amount. Again, this was never explained in plaintiff's moving papers, nor is such a transaction referred to in the purported business records submitted by the plaintiff. Indeed, the "Payment History" submitted by the plaintiff indicates that the full $360,000 was advanced.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." (*Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Upon a prima facie showing, "the burden shifts to the party opposing the motion for summary

judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." (*Alvarez*, 68 NY2d at 324). Significantly, "[t]he facts must be viewed in the light most favorable to the non-moving party, [but] bald, conclusory assertions or speculation and a shadowy semblance of an issue are insufficient to defeat summary judgment." (*Stonehill Capital Management, LLC v. Bank of the West*, 28 NY3d 439 [2016] [internal quotations omitted]; *see also Fairlane Financial Corp. v. Longspaugh*, 144 AD3d 858 [2d Dept 2016]; *Phillip v. D & D Carting Co., Inc.*, 136 AD3d 18 [2d Dept 2015]). In an action for breach of contract, a plaintiff moving for summary judgment must demonstrate the existence of the agreement, performance by the plaintiff, breach but the defendant, and damages resulting from the breach. (*JP Morgan Chase v. JH Elec. Of New York, Inc.*, 69 AD3d 802,803 [2d Dept 2010]; *Key Bank of Maine v. Lisi*, 225 AD2d 669 [2d Dept 1996]).

Here, the proof submitted by the defendants raised a triable issue of fact as to whether there was performance by the plaintiff. According to the defendants, only a fraction of the agreed upon purchase price was transmitted to the defendants. Although the plaintiffs gave an explanation as to why this occurred in its reply papers, no such explanation was given in their moving papers. Significantly, the defendants were not given an opportunity to submit a response to plaintiff's reply papers and it is well settled that facts and arguments raised for the first time in a reply are not property before this Court *(see Metwally v. City of New York*, 215 A.D.3d 820, 825, 187 N.Y.S.3d 719; *Coppola v. Coppola*, 291 A.D.2d 477, 738 N.Y.S.2d 220). Accordingly, plaintiff's motion for summary judgment must be denied.

Turning to defendants' motion for summary judgment, plaintiff's explanation as to why the defendants were paid an amount less than the purchase price raises triable issues of fact as to whether the defendants are entitled to summary judgment.

Accordingly, it is hereby

**ORDRED** that both motions are denied.

This constitutes the decision and order of the Court.

3

[* 3]

Dated: December 6, 2024



**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020

4

[* 4]