Shutter v Town of Poughkeepsie (2025 NY Slip Op 04674)

Shutter v Town of Poughkeepsie

2025 NY Slip Op 04674

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-07301
 (Index No. 500727/23)

[*1]Vicki Shutter, et al., respondents, 
v
Town of Poughkeepsie, et al., appellants, et al., defendants.

Dorf Nelson & Zauderer LLP, New York, NY (Jason J. Lavery of counsel), for appellants.
Law Offices of Francis X. Young, PLLC (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jack Lockwood], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Town of Poughkeepsie, Town of Poughkeepsie Police Department, Vanja Mikelic, Kaitlyn Perine, and Laszio Toth appeal from an order of the Supreme Court, Putnam County (Gina C. Capone, J.), dated June 26, 2023. The order denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action alleging excessive force insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages against, among others, the defendants Town of Poughkeepsie, Town of Poughkeepsie Police Department, Vanja Mikelic, Kaitlyn Perine, and Laszio Toth (hereinafter collectively the defendants), alleging, inter alia, that Mikelic, Perine, and Toth (hereinafter collectively the defendant-officers) used excessive force when they responded to a dispute. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs opposed that branch of the motion which was for summary judgment dismissing the cause of action alleging excessive force, but discontinued all other causes of action. In an order dated June 26, 2023, the Supreme Court denied that branch of the motion which was for summary judgment dismissing the cause of action alleging excessive force insofar as asserted against the defendants. The defendants appeal.
"'Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness'" (Combs v City of New York, 130 AD3d 862, 864, quoting Moore v City of New York, 68 AD3d 946, 947). "The determination of an excessive force claim requires an analysis of the facts of the particular case, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight'" (Vizzari v Hernandez, 1 AD3d 431, 432, quoting Graham v Connor, 490 US 386, 396; see Brown v City of New York, 192 AD3d 963, 966). "Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide" (Holland v City of Poughkeepsie, 90 AD3d 841, 844; see Owens v City of New York, 183 AD3d 903, 907).
Here, in support of their motion, the defendants submitted, among other things, transcripts of the parties' deposition testimony, which presented varying accounts of what occurred. For example, while the defendant-officers testified that force was used against the plaintiff Richard Humeston when he began to flee after being told he was under arrest, Humeston testified that he was walking back to his house after speaking to the officers when he was tackled from behind and that none of the officers told him to stop or that he was under arrest. In addition, while one of the defendant-officers testified that the plaintiff Vicki Shutter fell down while trying to intervene in Humeston's arrest, Shutter testified that she was standing approximately 15 feet from Humeston and was not moving when one of the officers approached her and pushed her to the ground. The video footage provided by the defendants does not resolve these inconsistencies (see Macareno v City of New York, 187 AD3d 1164, 1166-1167). The defendants thus failed to eliminate all triable issues of fact as to whether the force used was objectively reasonable under the circumstances, precluding an award of summary judgment on the cause of action alleging excessive force (see Combs v City of New York, 130 AD3d at 865; Holland v City of Poughkeepsie, 90 AD3d at 844). For the same reason, the defendant-officers were not entitled to summary judgment on the issue of qualified immunity (see Macareno v City of New York, 187 AD3d at 1167).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging excessive force insofar as asserted against them, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court