Dender v North Shore Manhasset Hosp. (2025 NY Slip Op 07378)

Dender v North Shore Manhasset Hosp.

2025 NY Slip Op 07378

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2019-14454
2020-00853
 (Index No. 601819/15)

[*1]David S. Dender, etc., respondent 
vNorth Shore Manhasset Hospital, et al., appellants, et al., defendants.

Shaub, Ahmuty, Citrin & Spratt, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellants.
Ardito & Ardito, Franklin Square, NY (Joshua Annenberg and David Dender, named herein as David S. Dender, pro se of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for false imprisonment, the defendants North Shore Manhasset Hospital, North Shore LIJ-The Zucker Hillside Hospital, North Shore-Long Island Jewish Health System, Inc., North Shore-LIJ Network, Inc., Joseph F. Clark, North Shore University Hospital, and Long Island Jewish Medical Center appeal from (1) an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered November 25, 2019, and (2) a judgment of the same court dated January 15, 2020. The order denied those defendants' motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law dismissing the complaints insofar as asserted against them, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, or, in the alternative, to set aside, as excessive, the jury verdict on the issue of damages and for a new trial on the issue of damages. The judgment, upon the jury verdict and the order, is in favor of Stacie Sullivan and against the defendants North Shore University Hospital, Long Island Jewish Medical Center, and Joseph F. Clark in the principal sum of $3,500,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, those branches of the motion of the defendants North Shore Manhasset Hospital, North Shore LIJ-The Zucker Hillside Hospital, North Shore-Long Island Jewish Health System, Inc., North Shore-LIJ Network, Inc., Joseph F. Clark, North Shore University Hospital, and Long Island Jewish Medical Center which were pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaints insofar as asserted against them are granted, the order is modified accordingly, and the complaints insofar as asserted against those defendants are dismissed; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the order must be dismissed because the right of direct appeal [*2]therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a]).
Stacie Sullivan (hereinafter the decedent) commenced separate actions, which were subsequently consolidated, against, among others, the defendants North Shore Manhasset Hospital, North Shore LIJ-The Zucker Hillside Hospital, North Shore-Long Island Jewish Health System, Inc. (hereinafter NSLIJ), North Shore-LIJ Network, Inc., North Shore University Hospital (hereinafter North Shore), Long Island Jewish Medical Center (hereinafter LIJ), and Joseph F. Clark (hereinafter collectively the hospital defendants), inter alia, to recover damages for false imprisonment.
At a jury trial, the decedent presented the testimony of, among others, herself and James Romagnoli and Clark, security officers employed by NSLIJ (hereinafter together the security officers). After the decedent rested, the hospital defendants moved, among other things, for judgment as a matter of law dismissing the cause of action alleging false imprisonment insofar as asserted against them. The Supreme Court denied that branch of the hospital defendants' motion to the extent the false imprisonment cause of action was predicated upon allegations that the security officers falsely imprisoned the decedent from the time of their arrival at her apartment until they delivered her to North Shore. After the trial, North Shore and Clark were found liable for falsely imprisoning the decedent while at her apartment and while she was being transported to North Shore. The jury awarded the decedent damages in the sum of $3,500,000 for past and future pain and suffering. Thereafter, the hospital defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaints insofar as asserted against them. In an order entered November 25, 2019, the court denied the motion. The court then issued a judgment in favor of the decedent and against North Shore, LIJ, and Clark in the principal sum of $3,500,000. The hospital defendants appeal. During the pendency of the appeals, the decedent died, and David S. Dender, as executor of the decedent's estate, was substituted for the decedent.
"'A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial'" (Clark v Dello Russo, 238 AD3d 978, 979, quoting Velasquez v Ruiz, 203 AD3d 786, 788). "[T]he question of whether a verdict was utterly irrational, entitling a movant to a directed verdict, involves a pure question of law" (Yac v County of Suffolk, 205 AD3d 764, 767 [internal quotation marks omitted]). "'In considering such a motion, the facts must be considered in a light most favorable to the nonmovant'" (id., quoting Sikorjak v City of New York, 168 AD3d 778, 780-781).
"To prevail on a cause of action to recover damages for false arrest or false imprisonment, the plaintiff must demonstrate that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement, and that the confinement was not privileged" (Ballinger v City of Mount Vernon, 233 AD3d 736, 738; see Broughton v State of New York, 37 NY2d 451).
Here, the Supreme Court should have granted those branches of the hospital defendants' motion which were pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaints insofar as asserted against them. Considering the trial evidence in the light most favorable to the decedent, there is no valid line of reasoning and permissible inferences which could lead rational jurors to conclude that the decedent was confined at any time during her encounter with the security officers.
With respect to so much of the false imprisonment cause of action as was predicated upon allegations of acts in the decedent's apartment, the only evidence proffered in support of those allegations was the decedent's own testimony, to wit, that the security officers blocked the decedent's driveway with their vehicle and informed the decedent that it was in her best interest to [*3]come with them cooperatively or they would call the police, that this conduct led the decedent to feel threatened, and that the security officers entered her apartment, causing the decedent to believe that she was in their custody and could not leave. The decedent's own testimony evidenced that she was never physically restrained in her apartment, that she made no attempt to leave on her own, and that she never asked the security officers to leave. The decedent also testified that her landlords were outside the apartment on the grass a few feet away from her when the security officers initially came to her door and spoke to her. She testified that, after speaking with the security officers, she then walked back inside her apartment, and the security officers followed. She also testified that she gathered her possessions, utilized the bathroom, and closed her apartment door before being escorted to the security officers' vehicle.
The decedent's subjective belief that she was confined in her apartment and that the security officers would not leave if asked is insufficient, without more, to establish an intent to confine (see Arrington v Liz Claiborne, Inc., 260 AD2d 267, 267-268; Malanga v Sears, Roebuck & Co., 109 AD2d 1054, 1055, affd 65 NY2d 665). Moreover, a threat to call the police does not constitute "detaining force necessary to establish the tort of false imprisonment" (Arrington v Liz Claiborne, Inc., 260 AD2d at 267-268; see Malanga v Sears, Roebuck & Co., 109 AD2d at 1055). In addition, the fact that the decedent testified that the security officers parked their vehicle so as to block the decedent's driveway is insufficient to establish confinement, absent other evidence that the decedent was incapable of departing by foot (see Smith v Village of Freeport Police Dept., 181 AD3d 625, 626; Hogan v Vandewater, 172 AD3d 1891, 1893).
With respect to so much of the false imprisonment cause of action as was predicated upon allegations of the decedent being transported to North Shore, although the decedent testified that one of the security officers physically escorted her to the vehicle and had his hand on her arm, she acknowledged that she told them she did not want to go to LIJ and that they acceded to her request to be transported to North Shore rather than LIJ. The decedent's testimony as to her own subjective belief that, once she was in the vehicle, she felt that she "no longer had any rights and that [she] was in custody and . . . imagined what would happen if [she] tried to get out of the car," is insufficient, without more, to establish an intent to confine (see Arrington v Liz Claiborne, Inc., 260 AD2d at 267-268; Malanga v Sears, Roebuck & Co., 109 AD2d at 1055). Notably, the decedent also acknowledged that, other than to request to change the destination of the hospital, she did not make any other request or demand of the security officers during the drive.
Since the evidence, viewed in the light most favorable to the decedent, was insufficient to establish the elements of a cause of action alleging false imprisonment, there is no valid line of reasoning and permissible inferences that could have led rational jurors to conclude that the decedent was confined within the meaning of false imprisonment during her encounter with the security officers.
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court